Stating the case: Plaintiffs purchased land described in the complaint from the defendants for $1,000, by (208) deed with usual covenants of seizin, encumbrances, and warranty, and this was admitted by the answer and in the case.
At the time of and before the defendants purchased the land, and at the time they sold to plaintiffs, an action entitled "Edge v. Edwards" was pending in the Superior Court of Cumberland County, the place of residence of all parties, wherein defendants' grantors alleged they were the owners of the land by reason of a tax title, and wherein certain minor heirs alleged that they were the owners of said land. Before trial of the present action, defendants made themselves parties to the action of Edge v.Edwards, and there was a final judgment that defendants had a good title to only one-fourth interest in said land, and title to another one-fourth interest subject to disaffirmance by one of the said minor heirs, and that defendants had no interest in the other two-fourths interest, which was the property of the two other minor heirs. The defendant Malloy admitted, on his direct examination, that defendants' immediate grantor had told him at the time of the purchase that he, the grantor, had only a tax deed against minor heirs for a portion of the land, and that one of the minor heirs was in an institution for the feeble-minded.
At the time of and before plaintiffs purchased, defendants represented to plaintiffs that they had a perfect title to the lands. And defendant Malloy admitted upon the trial that "before the trade was completed they (plaintiffs) came and asked me about the title, and I told them that the title was all right."
The jury returned the following verdict in response to the issues submitted to them:
"1. Did the defendant sell the lands described in the complaint to the plaintiffs for $1,000? Answer: `Yes.'
"2. Did the deed of the defendant, referred to in the complaint, fail to convey a good and indefeasible fee-simple title to said land? Answer:
`Yes.' *Page 220 
"3. Was there a compromise of matters in difference between the plaintiffs and defendant, as alleged? Answer: `No.'
"4. If so, was the alleged compromise obtained by the defendants induced by false and fraudulent statements made to the plaintiffs by the defendants, or either of them, as alleged in the complaint? Answer:
"5. Was the payment of the said $1,000 to the defendants induced by false and fraudulent statements made to the plaintiffs by the defendants, or either of them, as alleged in the complaint? Answer: `Yes.'
"6. What damages, if any, are the plaintiffs entitled to recover (209) of the defendants? Answer: $1,000.'"
Judgment was entered on the verdict, and defendants appealed.